# EXHIBIT A

*1020084418*

## PROOF OF SERVICE

**STATE OF CALIFORNIA** )
                        )
**COUNTY OF ORANGE**    )        ss

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1651 E. Fourth St., Ste. 229, Santa Ana, California 92701.

On September 23, 2019, I served the foregoing document described as: **VERIFIED SECOND AMENDED COMPLAINT; SUMMONS** to the interested parties in this action by placing the true copies there of enclosed in sealed envelopes addressed as stated as follows:

| | |
|---|---|
| E. Christine Hehir<br>McGuireWoods LLP<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA 90067<br>chehir@mcguirewoods.com | Joshua M. Bryan<br>YU \| MOHANDESI LLP<br>633 West Fifth Street, Suite 2800<br>Los Angeles, CA 90071<br>jbryan@yumollp.com |

**XXX** (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of the collection in the ordinary course of business. The sealed envelope with postage fully prepaid was placed for collection and mailing on the above date following ordinary business practices.

_____ (BY PERSONAL SERVICE) I delivered, or caused to be delivered, such envelope by hand to the offices of the addressee.

_____ (BY FACSIMILE) I caused the above-referenced document(s) to be transmitted to the above named person(s) at the following telefax number(s) listed hereinabove.

_____ (BY EMAIL) I caused the above-referenced document(s) to be transmitted to the above named person(s) at the following email(s) listed hereinabove.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Jing Wang

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ashish Patel, Esq. (SBN 207293)<br>Law Office of Ashishkumar Patel, APC<br>1651 E. Fourth St., Ste. 229, Santa Ana, CA 92701<br>  TELEPHONE NO.: 949-257-4130      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
  STREET ADDRESS: 700 Civic Center Dr. West
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Ana, CA
  BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Syed Ahmed

DEFENDANT/RESPONDENT: Specialized Loan Servicing LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2019-01052548 |
|---|---|

TO *(insert name of party being served):* Specialized Loan Servicing LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 9/23/19

_____
Ashishkumar Patel, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

RECEIVED

SEP 27 2019

SLS Specialized Loan Servicing, LLC

*(To be completed by recipient):*

Date this form is signed:

_____               _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

*www.accesslaw.com*

SUM-100

**SUMMONS** to *Second Amended Complaint*
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA N.A., a national association; Additional Parties Attachment attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SYED AHMED, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* County of Orange<br><br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br><br>30-2019-01052548 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of Ashishkumar Patel, APC; 1651 E. Fourth St., Ste. 229, Santa Ana, CA 92701; (949) 257-4130

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ahmed v. Bank of America N.A., et al. | 30-2019-01052548 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

NEWREZ LLC, a Delaware limited liability company dba SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, a Delaware limited liability company; and DOES 1 to 20, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Ashishkumar Patel, Esq, SBN 207293
**LAW OFFICE OF ASHISHKUMAR PATEL, APC**
1651 E. Fourth St., Ste. 229
Santa Ana, CA 92701
Tel: (949) 257-4130
Fax: (949) 281-3193

1020084418

Attorney for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| SYED AHMED, an individual, | **Case No.: 30-2019-01052548** |
| Plaintiff, | **VERIFIED SECOND AMENDED COMPLAINT:** |
| vs. | |
| BANK OF AMERICA N.A., a national association; NEWREZ LLC, a Delaware limited liability company dba SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, a Delaware limited liability company; and DOES 1 to 20, inclusive, | **1. VIOLATION OF HOMEOWNER'S BILL OF RIGHTS; 2. INTENTIONAL MISREPRESENTATION; 3. VIOLATION OF TRUTH IN LENDING ACT; 4. VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200; 5. PROMISSORY ESTOPPEL;** |
| Defendants. | **6. TO SET ASIDE TRUSTEE'S SALE AND VOID OR CANCEL TRUSTEE'S DEED UPON SALE; AND 7. QUIET TITLE.** |

1.    Plaintiff Syed Ahmed is, and has been a resident of the County of Orange, State

of California and the lawful owner of property commonly known as: 37 Hedgerow, Irvine,

California 92603 ("Home").

2.    Defendant Bank of America N.A. ("BANA"), is and was conducting business in

the County of Orange, State of California.

3.    Defendant NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), is

and was conducting business in the County of Orange, State of California.

4.     Defendant Specialized Loan Servicing LLC ("SLS") is and was conducting business in the County of Orange, State of California.

4.     Plaintiffs are ignorant of the true names and capacities of the defendants sued as DOES 1 to 20 inclusive, and therefore, sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

5.     Plaintiffs allege that each defendant designated as DOE was and is responsible, liable, and/or obligated to Plaintiffs in some manner for the events, occurrences, happenings, and transactions alleged, and that Plaintiffs' damages as alleged were proximately caused by these defendants.

6.     Each defendant is, and was, an agent, employee, joint venture, shareholder, director, member, co-conspirator, master or partner, insurer, of each other defendants, and in doing the things described was acting within her, his, or its actual or apparent authority, or within each conspiracy and with knowledge and ratification of the remaining defendants.

## GENERAL ALLEGATIONS

7.     Plaintiff has a long and complicated history with Defendants Shellpoint and BANA. This is not the first time BANA has foreclosed on Plaintiff's property, only to realize thereafter they had made a mistake and rescinded the sale.

8.     In 2013, as today, Plaintiff's property had two trust deeds. The servicer for the first trust deed was with Shellpoint (Plaintiff is informed and believes Shellpoint was the servicer at that time) and the second with BANA. In September 2013, Plaintiff was current in his loan payments to Shellpoint and was in default with BANA. Therefore, BANA was seeking to foreclose on his home. A foreclosure sale was scheduled for September 3, 2013, despite Plaintiff being in a loan modification review.

9.      However, prior to the sale date, when Plaintiff realized that BANA was not going to stop the foreclosure, despite the loan modification review in progress, he filed for bankruptcy. Plaintiff notified Defendants Shellpoint and BANA of the bankruptcy filing. Unfortunately, despite the notice, on September 3, 2013, BANA wrongfully foreclosed on 2nd trust deed on Plaintiff's property.

10.      In fact, prior to the foreclosure sale, Plaintiff was promised by a BANA representative that the foreclosure sale would be postponed, but the postponement request to the foreclosure trustee did not reach them in time.

11.      Despite the foreclosure, Plaintiff wanted to continue to make his mortgage payment to Shellpoint. Plaintiff was confident that BANA would rescind the sale. However, when Plaintiff attempted to make his monthly mortgage payments to Shellpoint, they were rejected due to the foreclosure. When Plaintiff explained what had occurred, and that BANA would be rescinding the sale, Shellpoint would still not accept Plaintiff's payment. Consequently, due to BANA'a wrongful foreclosure Plaintiff was now also in default with Shellpoint.

12.      Further, despite's BANA agreement with Plaintiff in September 2013 that the foreclosure sale was in error due to the bankruptcy filing, and that they would be rescinding the sale shortly, BANA did not rescind the sale until January 15, 2014. A true and correct copy of the notice of rescission is attached hereto as Exhibit A. BANA took four months to rescind a sale they knew from the beginning was a mistake. Additionally, due to their delay, Plaintiff fell more than four months into default with Shellpoint, adding more fees and costs to the mortgage.

13.      Once the rescission was filed, Plaintiff picked up where he left off with the loan modification review with BANA. Also, Plaintiff contacted Shellpoint about making his monthly

mortgage payment, while working out a forbearance agreement to allow him time to pay off the 4+ months in missed due to BANA's wrongful foreclosure.

14.     Unfortunately, Shellpoint would not accept Plaintiff's mortgage payments and would not offer him a forbearance agreement to catch up with his missed payments. Instead, they encourage him to apply for a loan modification. Ironically, ultimately BANA granted Plaintiff a loan modification, while Plaintiff has been trying to get a loan modification with Shellpoint.

15.     In August 2018, Plaintiff, or his representative again contacted Shellpoint regarding applying for a loan modification as this was his primary residence, which he occupies. The Shellpoint representative promised that Shellpoint would work with him to save his home by conducting a good faith loan modification review.

16.     Plaintiff provided Shellpoint with all of the documentation for a complete loan modification application, including financial documents evidencing a material change in financial circumstances. Plaintiff provided over a one-month period: personal and business bank statements, lease agreements, mortgage statements, tax returns, HOA statements, paystubs, W-2s, and other financial statements. Plaintiff provided Shellpoint a completed application.

17.     Thereafter, Plaintiff stayed in contact with Shellpoint, trying to get information about the modification and its status. In addition, Plaintiff continued to provide Shellpoint with all the documentation they demanded. Unfortunately, while the review was in progress Shellpoint scheduled a sale date for January 28, 2019.

18.     While this review was ongoing, Plaintiff was current in his mortgage payments with BANA. Plaintiff had been making his mortgage payments on time for numerous years. Starting around May 2018 Plaintiff is informed and believes that BANA attempted to purchase the first trust deed from Shellpoint and the investor (Plaintiff is not aware who the investor was

in 2018). Plaintiff is informed and believes BANA made several bids each month to purchase the first trust deed until it was finally accepted on December 28, 2018 for a total bid of $2,340,024.00. A true and correct copy of BANA's January 9, 2019 mortgage statement identifying the bid payment made is attached hereto as Exhibit B. Plaintiff had no notice or knowledge of these efforts to purchase the Shellpoint Note (first trust deed) by BANA.

19.    BANA's bid was incredulous considering Shellpoint's own mortgage statement states the outstanding balance was $1,458,183.09. A true and correct copy of Shellpoint's January 18, 2019 mortgage statement is attached hereto as Exhibit C. BANA had overpaid Shellpoint by over $881,841. If Plaintiff had been given notice, he would have challenged BANA to not pay such an amount, since he would be liable thereafter.

20.    At the same time, while BANA was bidding for the first trust deed its mortgage statements sent to Plaintiff were claiming the year to date payments were $4,636,324.00. Plaintiff was confused so he called BANA to get clarification on the statements. Unfortunately, despite several calls, no BANA representative was able to explain what was wrong with the mortgage statements, in particular why it stated the year to date payments were $4,636,324.00.

21.    At no time did BANA explain to Plaintiff why it was over-bidding for the first trust deed. In fact, not until after January 28, 2019's foreclosure sale did Plaintiff learn of BANA's efforts to purchase the first trust deed. BANA chose to proceed headfirst without consulting Plaintiff, despite the fact that any corporate advancement would be added to the loan making Plaintiff liable for the debt.

22.    Nowhere in Plaintiff's Deed of Trust is the term "corporate advances" defined. Additionally, the Deed of Trust states in Section 9 (the section in which BANA claims its right to purchase the first trust deed from Shellpoint and the investor) that BANA may do what it must to

protect its interest in the property. However, BANA "may do and pay for whatever is ***reasonable or appropriate***" to protect its interests. Emphasis added. In this case, paying approximately $2,340,024.00 to the investor without notifying Plaintiff, is not "reasonable and appropriate", as it more than doubled the value of the original BANA loan for $1,002,792.03. See Exhibit B.

23.    Further, after 6 months of providing documentation to Shellpoint, Plaintiff had still not received a decision on his loan modification application. Plaintiff had diligently called Shellpoint to maintain contact and get status on his loan modification application but was told either further documents were needed or none were needed. Plaintiff timely provided all documents demanded by Shellpoint.

24.    Unfortunately, while the review was in progress and BANA having advanced funds to purchase the first trust deed, on January 28, 2019 Shellpoint foreclosed on Plaintiff's Home. Plaintiff is informed and believes BANA encouraged Shellpoint to proceed with the foreclosure, as it would allow BANA to obtain possession of a valuable asset.

25.    Egregiously, at no time between December 28, 2018 and the present has Shellpoint or BANA provided any written notice to Plaintiff that there has been a change in servicer or investor, or that the property had been sold. 12 U.S. Code § 2605. Plaintiff had no idea what had occurred until after the sale, when he called BANA to find out what is going on as he had not received his latest mortgage statement, and he was told by a representative that the property had been sold and he would no longer receive any further mortgage statements. BANA had purchased the first deed of trust on December 28, 2018 but allowed the foreclosure sale to occur even though Plaintiff was a borrower who was current in his loan with them.

26.    Now, BANA is trying to play games by selling Plaintiff's loan to a third party, SLS. On or about August 14, 2019, Plaintiff received a letter from SLS stating it was taking over

the loan servicing of his loan. Further, when Plaintiff's counsel inquired with BANA's counsel as to what had occurred, she stated she believes the loan had been service released and the loan itself sold to SLS. Plaintiff never received a letter from SLS—or any other party—stating it was the new owner of the loan.

27.     The lenders' practice of negotiating with homeowners in default on their loans for a loan modification while simultaneously advancing the foreclose process is commonly referred to as "dual tracking." Dual tracking has been heavily criticized by both state and federal legislators. In July 2012, California passed legislation called "The California Homeowner Bill of Rights" which prohibits dual tracking. As of January 1, 2013, "The California Homeowner Bill of Rights went into effect and it offers homeowners greater protection during the foreclosure process." Civ. Code §2923.6(b).

# FIRST CAUSE OF ACTION

## VIOLATION OF HOMEOWNER'S BILL OF RIGHTS

### (As Against NewRez LLC)

28.     Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

29.     Under California Homeowner's Bill of Rights ("HBOR"), statutory law states "Mortgage servicers are restricted from advancing the foreclosure process if the homeowner is working on securing a loan modification. When a homeowner completes an application for a loan modification, the foreclosure process is essentially paused until the complete application has been fully reviewed." In further support, case law states, "…the mortgage servicer ... shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Civ. Code §2923.6(c).

30. As it relates to dual tracking, starting January 1, 2018, Civil Code §2923.6 was repealed and replaced with Civil Code §2924.11. "If a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative." Civil Code §2924.11(a).

31. In August 2018, Plaintiff sent Shellpoint a completed loan modification application. Plaintiff provided over a one-month period: personal and business bank statements, lease agreements, mortgage statements, tax returns, HOA statements, paystubs, W-2s, and other financial statements. Plaintiff provided Shellpoint a completed application.

32. While the review was in progress, each month Shellpoint would schedule a sale date in violation of the law against dual tracking.

33. Unfortunately, while the review was in progress, on January 28, 2019, Defendant sold Plaintiff's Home. Plaintiff alleges that Defendant violated the HBOR statute of Dual-Tracking by proceeding with foreclosure despite Plaintiff submitting a completed loan modification application. When Plaintiff called, Shellpoint verified its receipt of the loan modification documents, and stated the review was in progress. When Defendant scheduled a foreclosure sale date, then sold his Home, it violated HBOR as Plaintiff was in a loan modification review.

34. In fact, Plaintiff was in constant communication with Shellpoint regarding status of the loan modification review. Plaintiff also timely provided documents on demand, despite

8
VERIFIED SECOND AMENDED COMPLAINT

some documents having been sent repeatedly. There was no basis for Defendant's filing a Notice of Trustee Sale, and subsequent sale, especially when Plaintiff was a cooperating borrower.

35.    Further, at no time between December 28, 2018 and the present has Shellpoint or BANA provided any written notice to Plaintiff that there has been a change in servicer or investor, or that the property had been sold. 12 U.S. Code § 2605. Plaintiff had no idea what had occurred until after the sale, as Defendants had not informed him of the transfer of the servicing and/or sale of the Note.

36.    Plaintiff has been harmed by Defendants' bad acts.  Because of these violations and unlawful, unfair, and fraudulent business practices, Plaintiff suffered injury and lost money, including but not limited to, payment of increased interest, longer loan payoff times, higher principle balances, and payment of other charges collected by Defendants.

## SECOND CAUSE OF ACTION

## INTENTIONAL MISREPRESENTMENT

## (As Against Bank of America NA)

37.    Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

38.    In May 2018, Plaintiff first learned that BANA may have been trying to purchase the first trust deed from Shellpoint and the investor. BANA made several bids each month to purchase the first trust deed until it was finally accepted on December 28, 2018 for a total bid of $2,340,024.00. See Exhibit B.

39.    BANA was overbidding for the loan. Shellpoint's own mortgage statement states the outstanding balance was $1,458,183.09. See Exhibit B. BANA had overpaid Shellpoint by over $881,841.

40.     At the same time, BANA was sending Plaintiff mortgage statements claiming the year to date payments were $4,636,324.00. Plaintiff was confused.  Plaintiff called BANA to get clarification on the statements. Plaintiff spoke with several BANA representatives about the topic. Unfortunately, despite several calls, the BANA representatives would mislead him into thinking they were not sure what was going on, but that it was not an issue since he was current on the loan, he should continue to make his payments. They told him to not be concerned as there was no issue of foreclosure when he was current on his loan.

41.     Although Plaintiff saw these huge numbers on the mortgage statements, he was led to believe it was not a big deal and that it would correct itself soon. That never occurred, and Plaintiff did not learn of BANA's purchase of the first trust deed until it was too late, after the January 28, 2019 foreclosure sale. Plaintiff had no idea that BANA was planning to purchase the first trust deed in order to foreclose on it as soon as its own interests were protected.

42.     At the same time, Plaintiff was under the belief his Home was safe since he was in a loan modification review for 6 months. Unfortunately, while the review was in progress and BANA having advanced funds to purchase the first trust deed, on January 28, 2019 Shellpoint foreclosed on Plaintiff's Home.

43.     Plaintiff believed BANA when these representations were made. BANA concealed from Plaintiff its intentions of buying the first trust deed and allowing Shellpoint to foreclose on the loan of a borrower who was current on his loan with BANA. Had Plaintiff known the actual facts, he would have taken actions to try and stop the sale by way of bankruptcy or exercised financing options to pay the arrears and get current.  Plaintiff's reliance on Defendant's representations was justified.

10
VERIFIED SECOND AMENDED COMPLAINT

44.     Plaintiff has been damaged in an amount according to proof during trial.  In doing the acts alleged, Defendants acted with oppression, fraud, and malice and Plaintiff are entitled to punitive damages according to proof.

### THIRD CAUSE OF ACTION

### VIOLATION OF TRUTH IN LENDING ACT

### (As Against Bank of America NA and Specialized Loan Servicing LLC)

45.     Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

46.     Congress added subsection (g) to 15 U.S.C. §1641 in the Helping Families Save their Homes Act of 2009.  Section 1641(g) provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned, the new owner or assignee of the debt shall notify the borrower in writing of such transfer."  See 15 U.S.C. § 1641(g).

47.     Defendants also violated Truth in Lending (Regulation Z) Section 1026.39. Section 1026.39 provides that "Except as provided in paragraph (c) of this section, each covered person is subject to the requirements of this section and shall mail or deliver the disclosures required by this section to the consumer on or before the 30th calendar day following the date of transfer." See 12 CFR §1026.39(b).

48.     Plaintiff is informed and believes based upon BANA's mortgage statements that on December 28, 2018, BANA purchased Plaintiff's first trust deed from Shellpoint and its investor. At no time thereafter did BANA inform Plaintiff in writing that the mortgage loan had been sold to BANA. Defendants violated Section 1641(g) when either or both failed to notify Plaintiff in writing of the transfer.

49.     Further, on or about August 14, 2019, Plaintiff received a letter from SLS stating it was taking over the loan servicing of his loan. When Plaintiff's counsel inquired with BANA's counsel as to what had occurred, she stated that BANA did not own the loan and that she believes the loan had been service released and the loan itself sold to SLS. Plaintiff never received a letter from SLS—or any other party—stating it was the new owner of the loan. As more than 30 days have passed since the transfer, SLS is violation of TILA.

50.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200

### (Against All Defendants)

51.     Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

52.     The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "deceptive" business act or practice. Cal. Bus. & Prof. Code § 17200. The UCL authorizes this Court to issue whatever orders or judgments may be necessary to prevent unfair or unlawful practices, or to "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Id. § 17203.

53.     Defendant's acts and practices alleged are unlawful business practices because they violate state and law, including but not limited to violations of Cal. Civ. Code §§ 1714(a) and 3333, as alleged in this Complaint.

54.    Defendant's acts and practices alleged constitute unfair business practices, including, without limitation, the following practices:

a. Failing to perform loan servicing functions consistent with its responsibilities to Plaintiff and its responsibilities under the Federal guidelines it agreed to receive federal funding;

b. Failing to properly supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, and personnel implementing its modification programs;

c. Concealing its intentions to purchase the first trust deed and still foreclosing on the loan of a borrower who was current on his loan; and

d. Conducting a loan modification review in bad faith, with no intentions of offering Plaintiff a workable modification.

55.    Defendants' acts and practices as alleged constitute unfair and fraudulent business practices, including, without limitation making misrepresentations and omissions of material facts leading to the foreclosure of Plaintiff's Home.

56.    Plaintiff justifiably and reasonably relied upon these misrepresentations and omissions of material facts.  Under California Business and Professions Code section 17200 et seq., Plaintiff may enjoin the practice of unfairly denying and failing to enter into permanent loan modifications for homeowners who have complied with the contractual obligations, and grant such other and further relief as the Court may deem proper and just.

57.    Under Code of Civil Procedure §1021.5, Plaintiff may recover his reasonable attorney's fees, costs, and expenses in bringing this action.

## FIFTH CAUSE OF ACTION

## PROMISSORY ESTOPPEL

### (As Against NewRez LLC and Bank of America NA)

58.    Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

59.    Plaintiff alleges Defendant made them promises without any intention of performing them. Restatement (Second) of Contracts §90 states that a promise which the promisor should reasonably expect to induce action or forbearance by the promisee or a third person and which induces such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

60.    Plaintiff contacted Shellpoint to request a loan modification. The Shellpoint representatives promised that they would work with him to save his Home and do it in good faith. The Shellpoint representative promised that Plaintiff continue working for a loan modification approved, which would lead to postponement of the sale date pending review. Therefore, Plaintiff sent in the initial modification packet. Even though Plaintiff had submitted all documents requested, Defendant continued to claim they had not received it.

61.    The purpose of a loan modification is to make mortgage payments affordable, prevent foreclosure and allow the homeowner to save his home. Plaintiff relied on the Defendant's promise of obtaining an equitable loan modification. To show reliance, the Plaintiff committed to the laborious process of negotiating a loan modification with the Defendant for six months.

62.    Plaintiff reasonably presumed that by complying with the Defendant's request, an amenable loan modification would be had.  A reasonable prudent person would foresee that after communiques between the Defendant and Plaintiff between longstanding parties the natural result would be the creation of an amenable loan modification, not the endless delays.

63.    Ultimately, Shellpoint chose to conduct a bad faith loan modification review, despite the promise that he had prequalified for a loan modification, and after he had spent a great deal of his time and money providing personal and financial information.

64.    Further, when Shellpoint agreed to review Plaintiff for a loan modification, instead of working with Plaintiff, they purposefully delayed the process. These abuses and delays have led to more than frustration for Plaintiff; it has caused the fees and interest owed by Plaintiff to grow, making it harder by the day for Plaintiff to obtain a feasible modification that would allow him to become current on his loan and avoid foreclosure.  Shellpoint's delay and obstruction tactics have taken away permanent loan modifications from those who have met the requirements for participation in its programs, to which they are entitled.

65.    Plaintiff relied on the Defendant's promise to his detriment.  Plaintiff complied with the Defendant's requests.  Despite his efforts, Plaintiff's Home is still in foreclosure.

## SIXTH CAUSE OF ACTION

## TO SET ASIDE TRUSTEE'S SALE AND

## VOID OR CANCEL TRUSTEE'S DEED UPON SALE

### (As Against All Defendants)

66.    Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

67.    The Plaintiff alleges "but for" the acts of the Defendant, the Plaintiff would not have suffered the result of foreclosure on her Home.  Plaintiff is informed and believes, and herein alleges, that the acts and omissions of Defendant as alleged herein were negligent, unreasonable, and without due care, and would have foreseeably caused any person great

damage. At the same time, Plaintiff believes Defendant was in violation of dual tracking by continuing with the foreclosure process during the loan modification review.

68.    Defendant foreclosed on Plaintiff's home on January 28, 2019. The sale should have never occurred in violation of HBOR. Plaintiff had provided a complete application. Any sale should have been postponed pending review, and possible appeal, instead of creating obstacles and delaying the process and circumventing the intent of the HBOR.

69.    Moreover, Plaintiff was current with BANA when it decided to purchase the first trust deed from Shellpoint and still proceed to foreclosure sale. BANA used the corporate advancement to purchase the loan, thereby making it Plaintiff's responsibility, and then foreclosed on the loan, all without notifying Plaintiff of its purchase.

70.    Now, BANA is trying to play games by selling Plaintiff's loan to a third party, SLS. On or about August 14, 2019, Plaintiff received a letter from SLS stating it was taking over the loan servicing of his loan. Further, when Plaintiff's counsel inquired with BANA's counsel as to what had occurred, she stated she believes the loan had been service released and the loan itself sold to SLS. Plaintiff never received a letter from SLS—or any other party—stating it was the new owner of the loan.

71.    Accordingly, Plaintiff hereby request an order of this Court that the Trustee's Sale should never have occurred, that it was legally void and conducted without any right or privilege by the Defendant.

**SEVENTH CAUSE OF ACTION**

**QUIET TITLE**

**(As Against All Defendants)**

72.    Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

73.    Plaintiff is the rightful owner of the subject property per the Deed of Trust executed by him. Plaintiff alleges that, as set forth above, the real property with an APN 478-391-01, which is the subject of this Quiet Title action and with a legal description of: N-TRACT: 16312 BLOCK: LOT: 52, in the City of Irvine, County of Orange, State of California, in the Office of the County Recorder of Said County.

74.    Plaintiff is seeking to quiet title against the claims of Defendants as follows: Defendants are seeking to hold themselves out as the fee simple owners of the subject property, when in fact Plaintiff has an interest in such property held by Defendants, when Defendants have no right, title, interest, or estate in the subject property, and Plaintiff's interest is adverse to Defendants' claims of ownership.

75.    Plaintiff seeks to quiet title as of January 28, 2019. Prior to January 28, 2019, Plaintiff was under loan modification review by SHELLPOINT and was current on his loan with BANA. Unbeknownst to Plaintiff, on December 28, 2018 BANA purchased the loan from SHELLPOINT and kept SHELLPOINT as its servicer.

76.    On January 28, 2019, BANA had SHELLPOINT foreclose on Plaintiff's loan, despite oral promises to the contrary, as alleged above, and in violation of dual tracking rules, and in violation of the Truth in Lending Act. Purportedly, the Property reverted back to BANA at the trustee's sale and rely on the illegally issued and recorded Trustee's Deed Upon Sale as evidence of their claim.

77.    Now, BANA is trying to play games by selling Plaintiff's loan to a third party, SLS. On or about August 14, 2019, Plaintiff received a letter from SLS stating it was taking over

the loan servicing of his loan. Further, when Plaintiff's counsel inquired with BANA's counsel as to what had occurred, she stated she believes the loan had been service released and the loan itself sold to SLS. Plaintiff never received a letter from SLS—or any other party—stating it was the new owner of the loan.

78.    Plaintiff therefore seeks a judicial declaration that the title to the subject property is vested in Plaintiff alone and that Defendants BANA, SLS, and SHELLPOINT, herein, and each of them, be declared to have no estate, right, title, or interest in the subject property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title, or interest in the subject property, adverse to Plaintiff herein.

## PRAYERS

**WHEREFORE**, Plaintiff respectfully prays:

1.    For a declaration of the rights and duties of the parties, specifically that the foreclosure of Plaintiff's Home was wrongful;

2.    For issuance of an Order vacating and/or canceling all Trustee's Deed Upon Sale;

3.    To vacate and set aside the foreclosure sale;

4.    For an order compelling said Defendants, and each of them, to transfer legal title and possession of the subject property to Plaintiff herein;

5.    For a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendants herein, and each of them, be declared to have no estate, right, title or interest in said property;

6.    For compensatory, special, general and punitive damages according to proof against all Defendant;

7.    For an accounting of all amounts paid by Plaintiff, of all charges and fees

demanded from Plaintiff, a statement of the amount required to be restored to Defendant, if any,

an account of all amounts owing by all Defendant, and a statement of the amount required to be

returned to Plaintiff;

8.    Pursuant to Business and Professions Code § 17203, that all Defendant, their

successors, agents, representatives, employees, and all persons who act in concert with them be

permanently enjoined from committing any acts of unfair competition in violation of § 17200,

including, but not limited to, the violations alleged herein;

9.    For interest as prescribed by law;

10.    For an order granting Plaintiff their costs and expenses, including reasonable

attorneys' fees and experts' fees and other costs and disbursements under Code of Civil

Procedure §1021.5, and any other applicable provision of law; and

11.    For such other and further relief as the Court may deem just and proper.

Law Office of Ashishkumar Patel, APC

Dated: 9/28/19                BY: _____

Ashishkumar Patel, Esq.
Attorneys for Plaintiff

## AFFIDAVIT AND VERIFICATION

### (Civ. Proc. Code § 2015.5)

I, SYED AHMED, an individual, Plaintiff in the above-entitled action against Defendants BANK OF AMERICA N.A., a national association; NEWREZ LLC, a Delaware limited liability company dba SHELLPOINT MORTGAGE SERVICING; SPECIALIZED LOAN SERVICING LLC, a Delaware limited liability company; and DOES 1 to 20, inclusive.

I have read the foregoing verified amended complaint and know the contents thereof. I certify that the same is true to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.

This lawsuit is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 23, 2019

SYED AHMED

20
VERIFIED SECOND AMENDED COMPLAINT

# EXHIBIT A

Recording Requested By:
RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd,
Simi Valley, CA 93063

and when recorded mail document to:

RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

**18.00**

*S R 0 0 0 6 4 4 5 7 D 7 S*

**2014000017528 8:00 am 01/15/14**
232 403 N27 F13    4
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

TS No.: 12-0085019
APN No.: 478-391-01
TSG No: 12-0158130

SPACE ABOVE THIS LINE FOR RECORDERS USE

## NOTICE OF RESCISSION
### of Trustee's Deed Upon Sale
### Pursuant to Civil Code Section 1058.5

This Notice of Rescission is made this ___1-13- 14___ with respect to the following:

1) THAT RECONTRUST COMPANY, N.A. is duly appointed Trustee under that certain Deed of Trust dated 03/29/2006 and recorded 04/04/2006 as Instrument No. 2006000224948, wherein SYED IRFAN AHMED, A MARRIED MAN AS HIS SOLE & SEPARATE PROPERTY is/are named as Trustee(s), RECONTRUST COMPANY, N.A., as Trustee, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. is named as Beneficiary;

2) THAT THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-E, BY ITS A.I.F. BANK OF AMERICA, N.A. is the Beneficiary of record under that Deed of Trust by virtue of an Assignment of Beneficial Interest recorded 07/13/2012 as Instrument No. 2012000397541, Book N/A, Page N/A;

3) THAT THE DEED OF TRUST encumbers real property located in the County of ORANGE, State of CALIFORNIA described as follows;

SEE "EXHIBIT A" ATTACHED HERETO AND MADE A PART HEREOF.

4) THAT BY VIRTUE OF a default under the terms of the Deed of Trust, the Beneficiary did declare a default, as set forth in a Notice of Default recorded 12/07/2012 as Instrument No. 2012-756357, in the Office of the Recorder, ORANGE County, State of CALIFORNIA;

5) THAT THE TRUSTEE has been informed by the Beneficiary that the Beneficiary desires to rescind the Trustee's Deed recorded upon the foreclosure sale which was conducted in error due to a failure to communicate timely, notice of conditions which would have warranted a cancellation of the foreclosure sale which did occur on 09/03/2013; and

6) THAT THE EXPRESS PURPOSE of this Notice of Rescission is to return the priority and existence of all title and lienholders to the status quo-ante as existed prior to the trustee's sale.

*CATDRESCISN_2013.08.EP_08/2013*

TS No.: 12-0085019
APN No.: 478-391-01

NOW THEREFORE, THE UNDERSIGNED HEREBY RESCINDS THE TRUSTEE'S SALE AND PURPORTED
TRUSTEE'S DEED UPON SALE AND HEREBY ADVISES ALL PERSONS THAT THE TRUSTEE'S DEED UPON
SALE DATED 09/06/2013 AND RECORDED ON 09/13/2013 AS INSTRUMENT NO. 2013000533562,
BOOK N/A, PAGE N/A, IN ORANGE COUNTY  FROM RECONTRUST COMPANY, N.A.
(TRUSTEE) TO THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR
TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF
THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-E, BY IT'S A.I.F. BANK OF
AMERICA, N.A. (GRANTEE) IS HEREBY RESCINDED AND IS AND SHALL BE OF NO FORCE AND EFFECT
WHATSOEVER.  THE DEED OF TRUST DATED 03/29/2006 AND RECORDED 04/04/2006 AS INSTRUMENT NO.
2006000224948, IS IN FULL FORCE AND EFFECT.

Date:   JAN 1 3 2014

RECONTRUST COMPANY, N.A.

By: _____ 1/13/14 (Trustee)
Title:   Georgia Hernandez, Asst. Vice President

THE BANK OF NEW YORK MELLON FKA THE BANK OF
NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN
CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE
CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ
REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-E,
BY IT'S A.I.F. BANK OF AMERICA, N.A.

JAN 1 3 2014

By: _____ (Grantee)
Title:   Darlene Real-Gomez, Asst. Vice President

State of:   California        )
County of:   Ventura        )

On   JAN 1 3 2014   before me,   I.G. Garay   , notary public, personally
appeared   Georgia Hernandez and Darlene Real-Gomez   who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

_____
Notary Public Signature   I.G. Garay

I.G. GARAY
COMM. #1934404
NOTARY PUBLIC-CALIFORNIA
VENTURA COUNTY
My Commission Expires
October 6, 2017

CATDRESCISN_2013.08.EP_08/2013

## GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the Notary Seal on the document to which this statement is attached reads as follows:

NAME OF THE NOTARY: ___I. G. Garay___

COMMISSION NUMBER: ___2094404___

COMMISSION VENDOR NUMBER: ___mm11___

COUNTY WHERE BOND IS FILED: ___Ventura___

COMMISSION EXPIRATION DATE: ___Oct 6, 2017___

I certify under penalty of perjury and the laws of the State of California that the illegible portion of this document to which this statement is attached reads as follows:

_____

_____

_____

_____

_____

_____

State of California)
County of _____

On _____ before me, _____ a Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/theirs authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official Seal.
Signature _____ (Seal)

PLACE OF EXECUTION: BREA _____ DATE: 1/14/14

SIGNATURE _____

# EXHIBIT B

## Bank of America

PO Box 31785
Tampa, FL 33631-3785



Customer service information

Customer service: 800.669.6607

TDD/TTY users only: 800.300.6407

En Español: 800.295.0025

bankofamerica.com

HL 1     579 634 447 007288 #@01 AB 0.408

SYED IRFAN AHMED
PO BOX 653
TRABUCO CANYON CA 92678-0653

| Account number | |
|---|---|
| Payment due date | 01/25/19 |
| **Total amount due** | **$8,206.93** |

If payment is received after 02/11/19, $218.06 late fee will be charged.*

## Your Home Loan Account

Statement date: January 9, 2019

Help keep your account secure by updating your contact information today.
It's quick and easy to do. Just log in to Online Banking, go to Profile & Settings and update anything that's changed. Doing so can help make sure you receive your notices and stay on top of your account.
Is your contact info up to date? Check now in Online Banking at bankofamerica.com.

## Account information

| | |
|---|---|
| Property address | 37 HEDGEROW |
| Loan type | Conv 2nd Adj Rate Mtge |
| Contractual remaining term | 12 Years, 03 Months |
| Principal balance | $1,002,792.03 |
| Interest rate until 02/2031 | 4.000% |
| Prepayment penalty | No |

## Past payments breakdown

| | Paid since last statement | Paid year to date* |
|---|---|---|
| Principal | $1,015.33 | $1,015.33 |
| Interest | $3,346.02 | $3,346.02 |
| Fees, charges, and advances | $2,340,024.00 | $0.00 |
| **Total** | **$2,344,385.35** | **$4,361.35** |

## Explanation of total amount due

| | |
|---|---|
| Principal | $1,018.71 |
| Interest | $3,342.64 |
| **Regular monthly payment** | **$4,361.35** |
| Current period fees and charges | $0.00 |
| Overdue payments, fees, and charges* | $3,845.58 |
| **Total amount due** | **$8,206.93** |

*Please see the 'Other important information' section of the statement.

## Transaction activity (12/13/18 to 01/09/19)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 12/18/18 | Bid at First Mortgage | $498,000.00 | |
| 12/18/18 | Bid at First Mortgage | $489,500.00 | |

| SYED IRFAN AHMED | Acct ending in ~~●●●●~~ | January 9, 2019 | Page 2 of 6 |

## Transaction activity-continued

| Date | Description | Charges | Payments |
|------|-------------|---------|----------|
| 12/18/18 | Bid at First Mortgage | $498,500.00 | |
| 12/18/18 | Bid at First Mortgage | $454,000.00 | |
| 12/18/18 | Bid at First Mortgage | $400,024.00 | |
| 12/28/18 | Bid at First Mortgage | | $498,000.00 |
| 12/28/18 | Bid at First Mortgage | | $489,500.00 |
| 12/28/18 | Bid at First Mortgage | | $498,500.00 |
| 12/28/18 | Bid at First Mortgage | | $454,000.00 |
| 12/28/18 | Bid at First Mortgage | | $400,024.00 |
| 01/09/19 | Payment Posted - Thank you | | $4,361.35 |

*Corporate Advancement* -

## Additional contact information

**Housing counselor information:**   If you would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800.569.4287.

| General Inquiries | To mail a payment | Overnight mail | Insurance matters |
|-------------------|-------------------|----------------|-------------------|
| PO Box 31785 Tampa, FL 33631-3785 | PO Box 650070 Dallas, TX 75265-0070 | Retail Payment Services, TX1-160-06-01 Dallas InfoMart, STE 6020 1950 N Stemmons FWY Dallas, TX 75207-3134 | Insurance Dept. PO Box 961291 Fort Worth, TX 76161-0291 |
| | Payments can also be made by phone, online, or at any Bank of America financial center. | Accepts overnight mail only. In-person payments are not accepted at this address. | |

Notice of Error, Requests for Information and Qualified Written Requests (as defined in RESPA) must be sent to:   PO Box 942019, Simi Valley, CA 93094-2019. You have certain rights under federal law to resolve errors and request information related to your account. For more information about these rights, you can go to bankofamerica.com or contact us.

## Payment processing information

**The following payment options are available to you:**

- **PayPlan** – With PayPlan, you can have your mortgage payments automatically drafted from your checking or savings account. If paying from a non-Bank of America account, there may be a fee up to $4 per transaction. Call us at 866.767.4131 for more details or to enroll.

- **Online Banking and Mobile Payments** – With these options, you can make your monthly mortgage payment at any time. Visit us online at bankofamerica.com for more details.

- **Mortgage Pay on the Web (MPW)** – This service allows you to make your monthly mortgage payment through Online Banking. With MPW, there is no fee when paying from a Bank of America checking or savings account. If paying from a non-Bank of America account, there is no fee as long as you pay during the first half of your grace period; however, a $6 fee will be charged if you pay during the second half of your grace period.

- **Pay By Phone** – This service allows you to pay your monthly mortgage payments by phone either through our automated service or through a customer service representative.

**Crediting of Payments -** We credit mailed payments as of the date received, if the payment is: (1) paid with a check payable to Bank of America, N.A., and drawn in U.S. dollars on a U.S. financial institution or a U.S. dollar money order that includes your loan number on the check or money order; (2) sent with the payment coupon; and (3) received at the payment address on the payment coupon or another acceptable payment address designated on this statement by 5 p.m., Monday through Friday, excluding federal holidays, in the time zone of the payment address. Payments received through means other than mail, such as PayPlan, Online Banking and Pay By Phone, will be credited to your account in accordance with the terms and conditions of those services. Payments that fail to meet applicable requirements may result in crediting delays or may be returned. If your loan is in default, bankruptcy or foreclosure, this may impact our

Bank of America, N.A. Member FDIC.  Equal Housing Lender ©2019 Bank of America Corporation.

**Bank of America** 🇺🇸

Your Home Loan Account

| SYED IRFAN AHMED | Acct ending in ▓▓▓ | January 9, 2019 | Page 3 of 6 |

ability to credit your payments. In addition, one or more payment services may be unavailable and you may be required to pay with certified funds or other forms of payment.

**Payments Made by Check -** We process most payment checks electronically by using information found on your check. Each check authorizes us to create a one-time electronic funds transfer (or process it as a check or paper draft). We will not return your check to you. If your check does not clear upon initial presentment, we may attempt to withdraw funds from your account electronically one or more times. Postdated checks will be processed on the date received, unless we agree to honor the date written on the check as a condition of a repayment plan.

**Application of Payments -** In general, payments will be applied as described in your loan documents (including any loan modifications), subject to applicable law and any other requirements, such as investor and insurer/guarantor requirements. Periodic payments received and accepted will first be applied to the longest outstanding periodic payment due. If your loan is not current and you submit additional amounts with a periodic payment, the additional amounts will be applied to your outstanding periodic payments until your periodic payments are paid current and then applied to fees or other amounts owed on your account before applying the remaining additional amounts as you instructed. If your loan is not current and the additional amounts you submit with a periodic payment are insufficient to bring your outstanding periodic payments current, then the remaining additional amounts will be posted to your unapplied funds account. If your loan is current and you submit additional amounts with your current periodic payment due, the additional amounts will be applied to fees or other amounts owed on your account before applying the remaining additional amounts as you instructed, or, if no instructions are provided, they will be applied to the principal balance of your loan.

**Paying Your Loan Ahead -** We allow you to prepay your periodic payments one month in advance. If you want to prepay more than one periodic payment, please contact us. Without written instructions from you, any attempt to prepay more than one periodic payment on your loan will result in your payments being applied to the principal balance of your loan.

**Partial payment policy -** A partial payment is a payment that is less than your periodic payment amount due. Depending on a number of factors including the requirements of your loan documents, applicable law and the delinquency status of your loan, a partial payment may be (1) returned to you, (2) applied to your loan, or (3) accepted but held in a non-interest-bearing unapplied funds account for a period of time until you send us additional funds sufficient to equal a full periodic payment due. If your periodic payments are paid current and you submit a partial payment, the partial payment will be applied as you instructed, and, if not instructed, it will be applied first to fees or other amounts owed on your account and the remainder will be applied to the principal balance of your loan. If, for any reason, we're unable to apply a partial payment to your loan as you instructed, we may return the payment. If your loan is not current and your loan documents permit us to hold a partial payment in a non-interest-bearing account, we'll do so until you send us additional funds to equal a periodic payment. If your loan is in default and declared due and payable or your loan is in foreclosure, we may be unable to apply a partial payment to your loan and may hold it in a non-interest-bearing unapplied funds account or return it.

**Interest calculation -** For all full-month payment periods, interest is calculated on a monthly basis. Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, regardless of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365-day year.

## Other important information

**Fees associated with special services and loan payoff -** The following fees are the maximum fees that may apply if certain special services are requested regarding the mortgage or home equity loan.
• Payoff Statement via Facsimile Fee (FHA only) (faxing a payoff statement) $5.00*

12667843290000043613500045 7941

BANK OF AMERICA, N.A.
PO BOX 650070
DALLAS, TX 75265-0070

SYED IRFAN AHMED
Property address:
37 HEDGEROW
IRVINE, CA 92603

| Account number: | 126678432 | |
| --- | --- | --- |
| **Amount due on 01/25/19** | | **$4,361.35** |
| Late fee will be charged after 02/11/19* | | $218.06 |
| | | |
| **Additional principal** | $ | |
| **Additional escrow** | $ | |
| **Total enclosed** | $ | |

⑆586990058⑆ 126678432⑆

# EXHIBIT C



# Shellpoint
## Mortgage Servicing

**MORTGAGE STATEMENT**

Statement Date: 01/18/2019

**DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS**
P.O. Box 619063 • Dallas, TX 75261-9063

4-811-05594-0002826-001-1-000-010-000-000

SYED IRFAN AHMED
PO BOX 653
TRABUCO CANYON CA 92678-0653

| Account Number | |
|---|---|
| Next Due Date | **02/01/2019** |
| **Reinstatement Amount** | **$624,626.33** |

Phone:    866-316-4706
Website:    www.shellpointmtg.com

## Explanation of Amount Due

| | |
|---|---|
| **Accelerated Amount** | **$1,458,183.09** |

The loan is in default for failure to pay amounts due, and the sums evidenced by the Note and security instruments are now due and payable in full. As of this date of this letter, this is the amount that is now due in full. Please note that this is not a payoff statement and the amounts due may change due to outstanding or unrealized costs or fees. Contact Shellpoint Mortgage Servicing for a payoff or reinstatement amount.

| | |
|---|---|
| **Reinstatement Amount** | **$624,626.33** |

As of the date of this letter, Shellpoint Mortgage Servicing is willing to accept this amount to reinstate your loan. Please note that the amounts due may change due to outstanding or unrealized costs or fees. Contact Shellpoint Mortgage Servicing for an accurate reinstatement amount.

## Account Information

| | |
|---|---|
| Outstanding Principal | $1,000,001.18 |
| Interest Rate | 5.8750% |
| Prepayment Penalty | None |
| Property Address: | 37 HEDGEROW |
| | IRVINE CA 92603 |
| Contractual Due Date: | September 1, 2013 |
| Current Escrow Balance: | -$119,644.54 |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow | $0.00 | $0.00 |
| Fees/Late Charges | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Transaction Activity (12/18/2018 - 01/17/2019)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 01/06/2019 | Appraisal Disbursement | $395.00 | $0.00 |
| 01/08/2019 | FC Costs Disbursement | $125.00 | $0.00 |
| 01/08/2019 | FC Costs Disbursement | $1,135.19 | $0.00 |
| 01/08/2019 | Postponment Fee Disbursement | $50.00 | $0.00 |
| 01/08/2019 | Postponment Fee Disbursement | $50.00 | $0.00 |

## Important Messages

***Partial Payments:** Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account according to applicable state law. If you pay the balance of a partial payment, the funds will be applied to your mortgage.

## Additional Messages

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 866-316-4706.

**For questions regarding the servicing of your loan, please contact customer care at 866-316-4706.**

Repayment options may be available to you. **Call 866-316-4706** to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable state laws.

**For information about your payments, total amount due, and any additional payment history, see reverse side.**

## **Delinquency Notice**

**You are late on your loan payments and the foreclosure process has been intiated.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 01/18/2019, you are 1,965 days delinquent on your loan.

**Recent Account History**
o Payment due 08/01/18:  unpaid balance of $569,437.07
o Payment due 09/01/18:  unpaid balance of $9,198.21
o Payment due 10/01/18:  unpaid balance of $9,198.21
o Payment due 11/01/18:  unpaid balance of $9,198.21
o Payment due 12/01/18:  unpaid balance of $9,198.21
o Payment due 01/01/19:  unpaid balance of $9,198.21
o Payment due 02/01/19:  current payment due

o **Total: $624,626.33 due. You must pay this amount to bring your loan current.**

If You Are Experiencing Difficulty: Please refer to the back of this statement for additional messages about mortgage counseling and assistance.